Harry Pollinger, Plaintiff *pro se*
c/o  PO Box 6577
Destin, Florida [32550]
(850) 376-6088

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

FILED

Harry Pollinger, )
)
      Plaintiff, )
)
    vs. )
)
INTERNAL REVENUE SERVICE OVERSIGHT )
BOARD; DEPARTMENT OF THE TREASURY; )
UNITED STATES a.k.a. UNITED STATES OF )
AMERICA, a Federal corporation; and )
GREGORY COLLIER, in his official capacity; )
)
           Defendants. )

Case No.

$3:07cv13RV/md$

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

This is an action seeking the return of personal property unlawfully seized and taken by the Defendants and an action seeking declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA") 5 U.S.C. §§ 701-706, and the U.S. Constitution, as a result of violations of Plaintiffs' constitutional rights arising under the Fourth, Fifth, Fourteenth and Sixteenth Amendments. The following issues as alleged herein give rise to the Plaintiff's complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and are not extraordinary. Plaintiff is seeking actual and compensatory damages for the loss incurred and the financial hardship and injuries caused by the Defendants for their intentional, reckless and willful acts. The following issues raised *infra*,

Receipt # JCN 3-319
#350.00

give rise to the Plaintiff's complaint as proper before this Court in seeking such relief, as commanded upon the exhaustion of administrative remedies that are not extraordinary. Plaintiff is seeking statutory, actual and compensatory damages for the injuries to person and personal Labor Property caused by the Defendants for their intentional, reckless and willful acts.

The Plaintiff, Harry Pollinger is unschooled in law, and therefore, is waived from being held to the standards of a bar attorney as stated in *Haines*: "*however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle them to relief.*" *Haines v. Kerner*, 404 U.S. 519-521. Plaintiff requests that this Court take judicial notice of *Haines*, as such doctrines are applicable in this instant case. Plaintiff further indulges this Court to exercise impartiality at all stages of these proceedings, applying sound legal principles and conditions precedent.

## Jurisdiction And Venue

This Court has jurisdiction pursuant to Title 26 U.S.C. §§ 6335, 6502, 7402(e), 7429, 7432, 7433 and 7802 – Internal Revenue Service Oversight Board; 28 U.S.C. § 2410 – Quiet Title; 28 U.S.C. § 1331 – Federal Question; 28 U.S.C. § 1332 – Diversity of Citizenship; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; 5 U.S.C. § 702; 28 U.S.C. § 1651 – All Writs Act and 28 U.S.C. § 1658 – Time Limitations on Civil Actions; Federal Rules of Civil Procedure §§ 57 and 65; and the broad equitable powers of this Court.

Plaintiff's action and petition for relief is based upon declaring his constitutionally-guaranteed Rights in light of conduct of officers and/or employees of the United States, acting under color of Federal law; therefore, Plaintiff respectfully requests this Court – a creature of statute – to sit as an Article III Court, pursuant to the United States Constitution, to hear these issues. Other jurisdictional claims arise under the United States Constitution at Article I § 7, Amendments I, IV, V, XIV, and XVI of the laws of the United States and present federal questions within this Court's jurisdiction under Article III of the United States Constitution.

Venue is proper in this District pursuant to the United States Code of Judicial Procedure, 28 U.S.C. § 1391. The United States is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d). The Department of the Treasury is an agency within the meaning of 5 U.S.C § 101, creating the Internal Revenue Service as the internal affairs division within the Department. A duly authorized officer of the United States will answer on behalf of the acts committed by its officials, officers, agents from said district. "*The United States government is a foreign corporation with respect to a state.*" *In the Matter of Merriam*, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see *Penhallow v. Doane's Administrator's*; *Clearfield Trust Company v. United States*, 318 U.S. 363-371, 1942. Said corporations are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which are alleged herein.

## Joinder of Parties

The Defendants, the INTERNAL REVENUE SERVICE OVERSIGHT BOARD; DEPARTMENT OF THE TREASURY; UNITED STATES a.k.a. UNITED STATES OF AMERICA; and GREGORY COLLIER, in his official capacity; having individually and

collectively participated in causing damage and harm to Plaintiff Harry Pollinger's person and

property hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with

28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

> ". . . *if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims*." (see *Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999)) ". . . *Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue* . . ." *Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991).

Therefore, in the interest of justice under the Due Process Clause of the Fifth Amendment

and Equal Protection of the law under the Fourteenth Amendment to the Constitution for the

United States of America, Plaintiff effectively moves to enjoin all parties named herein as proper

before the Court: INTERNAL REVENUE SERVICE OVERSIGHT BOARD, DEPARTMENT

OF THE TREASURY, UNITED STATES a.k.a. UNITED STATES OF AMERICA, and

GREGORY COLLIER, in his official capacity.

## **Defendants**

(a) Defendant the INTERNAL REVENUE SERVICE OVERSIGHT BOARD'S main

office is located at 1500 Pennsylvania Avenue NW, Washington. DC 20225.

(b) Defendant the DEPARTMENT OF THE TREASURY'S main office is located at 1500

Pennsylvania Avenue NW, Washington. DC 20225.

(c) At all times relevant hereto the corporate citizen Defendant UNITED STATES a.k.a.

UNITED STATES OF AMERICA's main office is located at 500 N. Capitol St. NW,

Washington, DC 20221, which is within the jurisdiction of the Court.

(d) Defendant GREGORY COLLIER's office is located at 125 W. Romana Street, Suite

300, Pensacola, FL 32502.

## Plaintiff's Capacity And The Invocation Of
## Jurisdiction Pursuant To The Common Law

Plaintiff Harry Pollinger is presently domiciled at 276 Baywinds Drive, Destin, Florida [32550] located in these 50 United States of (North) America. Plaintiff is at all times mentioned herein, proceeding in the capacity and standing as a Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Being – not appearing as a subclass statutory person, citizen, collective entity or otherwise, but of a superior class and authority not enjoyed by the United States, a corporation void of conscience – given life and existence by its corporate officials, officers, agents and employees (*see Brasswell v. United States*, 487, U.S. 99 (1988) quoting *United States v. White*, 322 U.S. 694 (1944)).

The Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution secure Due Process to the American people in the course of the Common Law, which necessarily includes the **right to trial by jury**. See *Wayman v. Southard*, 23 U.S. 1; 6 L.Ed. 253; 10 Wheat 1 (1825). The United States Supreme Court established: "*The Constitution is to be interpreted according to the Common Law Rules*." *Schick v. United States*, 195 U.S. 65; 24 S.Ct. 826; 49 L.Ed. 99. The Supreme Court stated further: "*It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarly known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law*." *United States v. Wong Kim Ark*, 169 U.S. 649; 18 S.Ct. 456. Therefore, this Court is hereby provided notice that, as a precaution, Plaintiff is invoking the **saving to suitors clause** at 28 U.S.C. § 1333(1) in order to secure and proceed in the course of the Common Law in the event that there is controversy within special maritime and territorial jurisdiction of the United States.

## Conditions Precedent Establish The Defendants
## Effectively Waived Immunity By Their Reckless Acts

1. Plaintiff realleges all allegations stated above, and further alleges:

2. Prior to filing this action, the Plaintiff filed numerous administrative claims (incorporated by reference) by writing and serving notice on the Area Director and the Compliance Technical Support Manager for the IRS District of Florida as required by 26 C.F.R. § 301.7433-1(e)(1). In these written administrative claims, the Plaintiff informed the Area Director and the Compliance Technical Support Manager in detail of the grounds for said claims; the attached exhibits in support are included herein.

3. The Plaintiff further informed the Area Director and the Compliance Technical Support Manager in writing and described the injuries incurred as a result of the violations of law and violations of administrative regulations by IRS personnel attached to the exhibits in support.

4. The Plaintiff further informed the Area Director and the Compliance Technical Support Manager in writing of the specific dollar amount of the claims and damages incurred, not yet incurred and the reasonably foreseeable damages for which all of the claims were made. The IRS has either ruled upon the administrative claims, denying each and every claim, or in the alternative, a period of six months has passed and the Area Director and the Compliance Technical Support Manager have not answered.

5. The Plaintiff effectively exhausted his administrative remedy in several sections of Title 26 of the United States Code, including, but not limited to: 26 U.S.C. § 7433 – Unauthorized Collection Action, 26 U.S.C. § 6401– Abatements, 26 U.S.C. § 6326 – Appeal of Administrative Liens; and by the documented plethora of substantive and procedural Due

Process violations by employees of the United States Federal corporation, as verified in this complaint, they have effectively waived their immunity.

6. The UNITED STATES Defendants have further waived immunity under the Anti-Injunction Act, codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the assessment and collection of federal income taxes: **which is not the intent or subject matter of this suit**. According to *Hoillingshead v. United States*, 85-2 USTC 9772 (5th Cir 1985), 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful Levy. **"*The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process*."**

Section 7421 of the Internal Revenue Code provides, in relevant part as follows:

(a)     Tax – Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

7. Plaintiff is not seeking to restrain the lawful assessment or collection of any internal revenue tax, but to dispute the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive Due Process and the documented reckless and willful disregard for the internal revenue laws while presumed to be acting on behalf of the UNITED STATES Defendants.

8. Verified evidence of the records provides that employees of the UNITED STATES Defendants have failed to comply with the administrative prerequisites that would grant relief

under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists when employees of the UNITED STATES Defendants are in compliance with the statutes as set forth by Congress and applicable Treasury Regulations.

9. Evidence provides that employees of the UNITED STATES Defendants have illegally seized Plaintiff's personal property without establishing liability, without imposing a tax, without a determination, without a notice of deficiency, without an assessment and without a warrant in violation of multiple provisions of the Federal Constitutional and substantive Due Process.

10. Further, the UNITED STATES Defendant consents to being sued when any one of its officials, officers, agents or employees proceed in violation of Congressionally mandated, statutory procedures during an administrative, civil or criminal judicial proceeding as in this case.

## Facts And Summary Of Events

11. Plaintiff realleges all allegations stated above, and further alleges:

12. On or about February 28, 2005, alleged Revenue Officer GREGORY COLLIER and C SHERWOOD a.k.a. CHERYL SHERWOOD issued a "**Notice of Federal Tax Lien**" in the amount of $14,125.65 for tax years 2000 and 2001, effectively slandering title to the name and real property rights of Plaintiff Harry Pollinger.

13. On or about May 11, 2005, FAIRFIELD RESORTS, INC. was served a third-party "Notice of Levy on Wages, Salary, and other Income" by alleged Revenue Officer GREGORY COLLIER in the amount of $15,787.94, attempting an administrative seizure of Plaintiff Harry Pollinger's personal property in their possession.

14. On or about September 28, 2005 or soon thereafter, Plaintiff sent a request for the release of the Notice of Federal Tax Lien, which was summarily denied.

15. On or about April 26, 2006 or soon thereafter, Plaintiff received three (3) "Notices of Levy" issued by GREGORY COLLIER to GEORGIA COMMERCIAL INVESTORS INC., DESTIN BANK (now known as WHITNEY NATIONAL BANK) and CENDANT PAYROLL DEPARTMENT now known as WYNDHAM VACATION OWNERSHIP, c/o FAIRFIELD RESORTS, INC, and one (1) "Notice of Levy on Wages, Salary and Other Income" issued to CENDANT PAYROLL DEPARTMENT n/k/a WYNDHAM VACATION OWNERSHIP, c/o FAIRFIELD RESORTS, INC in the amount of $15,084.67, attempting an administrative seizure of Plaintiff's personal property in their possession.

16. On or about May 1, 2006 or soon thereafter, Plaintiff received a letter from WHITNEY NATIONAL BANK, explaining that Defendant GREGORY COLLIER caused $6,614.40 of Plaintiff's Compensation for Labor Property to be seized via the alleged "Notice of Levy" – causing economic hardship and devastation to Plaintiff's ability to provide the necessities of life for his family.

17. On or about June 2, 2006 or soon thereafter, Plaintiff received a letter from CENDANT PAYROLL DEPARTMENT n/k/a WYNDHAM VACATION OWNERSHIP, c/o FAIRFIELD RESORTS INC. explaining that Defendant GREGORY COLLIER caused Plaintiff's Compensation for Labor Property to be seized via the alleged "Notice of Levy on Wages, Salary and Other Income," by CENDANT PAYROLL DEPARTMENT n/k/a WYNDHAM VACATION OWNERSHIP, c/o FAIRFIELD RESORTS INC, seizing $5,578.69. The year-to-date amount seized is $13,738.82 since June 2, 2006 from the IRS Levy and $2,359.09 for

Federal Income Tax, totaling $16,097.91 – causing economic hardship and devastation to Plaintiff's ability to provide the necessities of life for his family.

18. On or about August 15, 2006 or soon thereafter, Plaintiff received a "**Notice of Federal Tax Lien**" issued by GREGORY COLLIER & R. A. MITCHELL dated 8/3/06 for 2000, 2001 and 2002 in the amount of $35,857.07.

19. On or about September 11, 2006 or soon thereafter, Plaintiff served Defendant a "**Notice and Demand to Release or Withdraw Notice of Federal Tax Lien**, including two (2) Forms 12661 – Disputed Issue Verification, a Form 12277 – Application for Withdrawal of Filed From 668(Y), Notice of Federal Tax Lien and a Request for a Collection Due Process Hearing in response to Revenue Officer GREGORY COLLIER's Letter 3172.

20. On or about September 26, 2006 or soon thereafter, Plaintiff served Defendant GREGORY COLLIER a "Verified Notice of Harassment and Pending Litigation" in response to Revenue Officer GREGORY COLLIER visiting his workplace after he was served a notice to cease and desist contacting Plaintiff's employer and coming to his workplace.

21. The IRS Seizures from June 2, 2006 through the December 8, 2006 pay periods by CENDANT PAYROLL DEPARTMENT n/k/a WYNDHAM VACATION OWNERSHIP, c/o FAIRFIELD RESORTS INC. consists of $13,738.82 from the IRS Levy and $2,359.09 in Federal Income Tax, totaling $16,097.91 – causing economic hardship and devastation to Plaintiff's ability to provide the necessities of life for himself and his family.

## Count I.
## Quiet Title Action 28 U.S.C. § 2410

22. Plaintiff realleges all allegations stated above, and alleges:

23. On or about February 28, 2005, alleged Revenue Officer GREGORY COLLIER and C SHERWOOD a.k.a. CHERYL SHERWOOD, INTERNAL REVENUE SERVICE

OVERSIGHT BOARD, DEPARTMENT OF THE TREASURY, UNITED STATES, and the UNITED STATES OF AMERICA conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in the amount of $14,125.65 for tax years 2000 and 2001; and on or about August 3, 2006, GREGORY COLLIER and R. A. MITCHELL conspired with intent to deprive Plaintiff of his Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in the amount of $35,857.07 for 2000, 2001 and 2002, rendering the instrument a nullity.

24.   This action arises under the Federal Tax Lien Act of 1966 [80 Stat. 1125] and Title 28 U.S.C. § 2410; and jurisdiction is conferred upon this honorable court to determine quiet title in state law and federal Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

25.   The Plaintiff is the fee simple owner of real property located at 276 Baywinds Drive, Destin, Florida [32541] more particularly described as follows:

Lot 21, Phase 3, of Baywinds Golf Estates, according to the plat recorded in Plat Book 14, Page 10, of the Public Records of Oklaloosa County, Florida, together with all of its appurtenances according to the Declaration of Protective Covenants for Baywinds Golf Estates, a Residential Subdivision, recorded in Official Records Book 1659, Page 1291, of the Public Records of Okaloosa County, Florida, Supplementary Declaration of Protective Covenants for Baywinds Golf Estates, a Residential Subdivision as recorded in Official Records Book 1763 at Page 1237 and Supplemental Declaration of Protective Covenants for Baywinds Gold Estates, a Residential Subdivision as Recorded in Official Records Book 1763 at Page 1241, all of the Public Records of Okaloosa County, Florida (The "Protective Covenants") and the Easement Agreement recorded in OR Book 1659 at Page 1240, of the Public Records of Oklaloosa County, Florida, ("Easement Agreement") subject to all of the provisions of the Protective Covenants and the Easement Agreement.

26.   The real property described above is in actual possession of the Plaintiff.

27.   The Defendant, the United States is a federal corporation.

28. The Defendant, GREGORY COLLIER is named on the Notice of Federal Tax lien and presumed to be an employee of the INTERNAL REVENUE SERVICE OVERSIGHT BOARD.

29. The Plaintiff contends that the Defendants have no valid Notice of Federal Tax Lien or Federal Tax Lien and no authority to lien, or otherwise encumber the title to the above referenced real property by the creation and filing of the Notice of Federal Tax Lien.

30. The Plaintiff contends that the Defendants failed to comply with the procedural requirements of 26 U.S.C. § 6212 and 6213, and never caused a Notice of Deficiency to issue for tax years 2000, 2001 and 2002, giving Plaintiff an opportunity to petition tax court prior to issuing the Notice of Federal Tax Lien.

31. The Plaintiff contends and provides evidence sufficient to conclude that the Defendants failed to comply with the procedural requirements of 26 U.S.C. § 6203, and never made an assessment of a tax liability for tax years 2000, 2001 and 2002 prior to causing the Notice of Federal Tax Lien to issue.

32. The procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

33. The Defendants claim some interest adverse to the Plaintiff's in the real property described above, but the Defendants' claim is without merit and the Defendants have no estate, title, claim, lien, or superior claim in the real property or any portion thereof.

34. The Plaintiff has no plain, speedy or adequate remedy at law.

35. Plaintiff has been and continues to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property and resulting in actual, direct economic damages

sustained by Plaintiff, which is the proximate cause and result of their reckless, intentional and willful actions.

## COUNT II.
## Defendants Failed To Comply With 26 U.S.C. § 6212(a)

36. Plaintiff realleges all allegations stated above, and further alleges:

37. On or about February 28, 2005, alleged Revenue Officer GREGORY COLLIER and C SHERWOOD a.k.a., CHERYL SHERWOOD conspired with intent to deprive Plaintiff of his Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in the amount of $14,125.65 for tax years 2000 and 2001; and on or about August 3, 2006 GREGORY COLLIER and R. A. MITCHELL conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in the amount of $35,857.07 for 2000, 2001 and 2002.

38. On or about April 26, 2006 or soon thereafter, Defendant's employee agent GREGORY COLLIER conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $15,084.67 for tax years 2000 and 2001, causing an amount of $16,142.46 to be seized, and with willful disregard for the internal revenue laws *failed to issue a Notice of Deficiency* (**90-day letter**) required by 26 U.S.C. § 6212(a) and implementing regulations.

39. The Defendants never issued a notice of deficiency via registered, certified or first class mail. Before an administrative levy on Plaintiff's personal property can be instituted, the

provisions of 26 U.S.C. § 6213(a) commands that a notice of deficiency or deficiency letter be issued, and this has never come to fruition.

40. As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. § 6213(a) and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedures Act (APA), the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiff whole and to pay the monetary amount of personal property illegally seized, plus interest.

## Count III.
### Violations of Plaintiff's Rights Under APA And The
### Just Compensation Clause Of The Fifth Amendment

41. Plaintiff realleges all allegations stated above, and further states and alleges as follows:

42. The action taken, and the failure to act by the Defendants in response to Plaintiff's demands to make him whole and allow him to restore the value of his labor without penalty for tax years 2000 through 2002, is a final agency action under the APA.

43. The just compensation paid to Plaintiff in calendar years 2000 through 2002 by his employer was to make Plaintiff whole as a result of the loss of Life and Liberty incurred for the production of property, as no excess over the Fair Market Value of the amount paid was realized as gross income.

44. Defendants' seizure and taking of Plaintiff's just compensation in calendar years 2000 through 2002 is based on Defendants' non-application and refusal (without authority) to allow Plaintiff access to the applications of 26 U.S.C. §§ 83 (a)(1) and (2), 165(a)(b) and (c)(1), 212, and 1001 and violates Plaintiff's substantive and procedural due process rights under the Fifth

Amendment and equal protection of the law under the Fourteenth Amendment to the Constitution for the United States of America.

45. Defendants' seizure and taking of Plaintiff's just compensation in calendar years 2000 through 2002 also violates Plaintiff's rights under the *Takings Clause* of the Fifth Amendment to the Constitution.

46. The *Takings Clause* of the Fifth Amendment provides that: *". . . nor shall any person be deprived of life, liberty, or property . . . be taken for public use without just compensation."* Accordingly, the Defendants have seized and are taking Plaintiff's Labor Property for public use without making Plaintiff whole under the *Just Compensation Clause* of the Fifth Amendment.

47. Plaintiff sustained a loss and deprivation of both life and liberty in exchange for such property, exerting both mental and physical labor for the production thereof. This Right of just compensation to restore the value of Plaintiff's Labor Property is protected under the Fifth Amendment to the Constitution.

48. As a direct and proximate result of the Defendants' refusal to make Plaintiff whole, in violation of Plaintiff's rights under the APA and the Fifth Amendment to the U.S. Constitution, Plaintiff is entitled to declaratory and injunctive relief, and Defendants should be ordered to make Plaintiff whole and to pay Plaintiff the amount of personal property seized, plus interest.

## COUNT IV.
## Defendant's employee Failed To Comply With 26 U.S.C. § 7432

49. Plaintiff realleges all allegations stated above, and further alleges:

50. On or about April 26, 2006 or soon thereafter, alleged employee GREGORY COLLIER, on behalf of the Defendants INTERNAL REVENUE SERVICE OVERSIGHT BOARD, DEPARTMENT OF THE TREASURY, and UNITED STATES a.k.a. UNITED

STATES OF AMERICA, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly cause a procedurally invalid "Notice of Levy" to issue against Plaintiff in the amount of $15,084.67 for tax years 2000 and 2001, causing an amount of a $16,142.46 to be seized, and with willful disregard for the internal revenue laws knowingly *refused to release the notice of lien* as required by 26 U.S.C. § 6325 *et. seq*.

51. That on or about September 28, 2005, January 10, 2006 and September 11, 2006 the Plaintiff filed Forms 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien with an affidavit and supporting exhibits fully disputing the Notice of Federal Tax Liens, which resulted in a non-response from the Defendants.

52. Defendant's employee GREGORY COLLIER did collectively and individually know that pursuant to 26 U.S.C. § 6325(a), after notice is received of such violations, the law commands that the Notice of Federal Tax Lien be released with the issuance of a Certificate of Release; and Defendants did fail to issue said release, continuing the economic damage to Plaintiff's property and name.

53. As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. § 6325(a) and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedures Act (APA), the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiff whole and to pay the monetary amount of personal property illegally seized, plus interest.

## COUNT V.
### Defendants Issued A Bill Of Attainder In Violation Of The Constitution

54. Plaintiff realleges all allegations stated above, and further alleges:

55. On or about February 28, 2005, alleged Revenue Officer GREGORY COLLIER and C
SHERWOOD a.k.a. CHERYL SHERWOOD conspired with intent to deprive Plaintiff of his
constitutionally-protected Rights, did in bad faith and under color of law intentionally and
recklessly cause a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in
the amount of $14,125.65 for tax years 2000 and 2001; and on or about August 3, 2006
GREGORY COLLIER and R. A. MITCHELL conspired with intent to deprive Plaintiff of his
Constitutionally-protected Rights, did in bad faith and under color of law intentionally and
recklessly cause a procedurally invalid "Notice of Federal Tax Lien" to issue against Plaintiff in
the amount of $35,857.07 for 2000, 2001 and 2002.

56. On or about April 26, 2006 or soon thereafter, Defendant's employee agent GREGORY
COLLIER conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did
in bad faith and under color of law intentionally and recklessly cause a procedurally invalid
"Notice of Levy" to issue against Plaintiff in the amount of $15,084.67 for tax years 2000 and
2001, causing an amount of a $16,142.46 to be seized, and with willful disregard for Article I,
Section 9 Cl. 3 and Article I, Section 10 Clause 1 *knowingly caused a Bill of Attainder to
issue,* labeling Plaintiff as a "Illegal Tax Protester" and punishing Plaintiff by taking Plaintiff's
property without a judicial trial – elements of a Bill of Attainder.

57. The Plaintiff has petitioned employees of the Defendant regarding the income tax laws
as relevant to his presumed liability, and has been labeled as one forwarding "Frivolous"
arguments, wherein the Defendants have never revealed the nature of frivolity applicable to the
Plaintiff's principled issues and concerns - resulting in punishing the Plaintiff by encumbering
Plaintiff's property without a judicial trial – elements of a Bill of Attainder.

58. As a direct and proximate result of the Defendants' failure to fully comply and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedures Act (APA), the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiff whole and to pay the monetary amount of personal property illegally seized, plus interest.

## COUNT VI.
### Defendants Have Caused To Be Illegally Seized Plaintiff's Labor Property In Violation Of The Just Compensation Clause Of The Fifth Amendment

59. Plaintiff realleges all allegations stated above, and further alleges:

60. On or about August 11, 2006 or soon thereafter, alleged employee GREGORY COLLIER in his official capacity and Defendants, the INTERNAL REVENUE SERVICE OVERSIGHT BOARD, DEPARTMENT OF THE TREASURY, and UNITED STATES a.k.a. UNITED STATES OF AMERICA, conspired with intent to deprive Plaintiff of his constitutionally-protected Rights, did in bad faith and under color of law intentionally, recklessly, and with willful disregard for the internal revenue laws *knowingly demanded other or greater sums than are authorized by law.*

61. Plaintiff is with material facts sufficient to conclude that his personal Labor Property is a Right, a source of energy when applied by Harry Pollinger individually or collectively has the ability to create wealth and prosperity; and therefore, subject to the protections under the Fourth, Fifth, Thirteenth, Fourteenth and Sixteenth Amendments to the Constitution for the United States of America.

62. Plaintiff's free exercise of his Rights and abilities to Labor and provide for himself comes with the price of deprivation of *life* and *liberty* for the production of property. This cost of

deprivation includes but is not limited to: (1) a loss of life with aging, physical wear and tear to one's body from mental and physical Labor – time and energy never to be recovered after used for such labor, (2) loss of liberty – having to be in a certain place at a certain time out of necessity as a means to provide for family and survival, and (3) the personal or private property equally exchanged as result of the Plaintiff's mental and physical labor to be enjoyed as just compensation therein protected under the Constitution.

63. The *Just Compensation Clause* of the Fifth Amendment states in pertinent part: "*. . . nor shall any person be deprived of life, liberty, or property . . . be taken for public use without just compensation."* Accordingly, any statute purporting to levy Labor Property **taken for public use** is subject to the *Just Compensation Clause* of the Fifth Amendment.

64. Plaintiff's personal and private property derived from his mental and physical labor and sweat equity are Rights so sacred that he enjoys the protection under the *Just Compensation Clause* of the Fourth Amendment, having suffered a loss and deprivation of both life and liberty in exchange for such property. This Right of just compensation and restoring the value of Plaintiff's Labor Property is protected under the Fifth Amendment to the Constitution.

65. The United States Supreme Court established without question that:

> **"*The property that every man has is his personal labor*, as it is the original foundation of all other property so it is the most sacred and inviolable...to hinder his employing [it]...in what manner he thinks proper, without injury to his neighbor, is a plain violation of the most sacred property."** Butcher's Union Co. v. Cresent City Co., 111 US 746.

> **"Property is everything which has an exchangeable value, and the right of property includes the power to dispose of it according to the will of the owner. *Labor is property*, and as such merits protection. The right to make it available is next in importance to the rights of life and liberty."** Slaughter-House Cases, 83 U.S. 36 (1872).

Plaintiff's personal property is being seized as an article of commerce and *taken for public use*, as the Defendants have no intention of justly compensating Plaintiff for the loss of *life* and *liberty* incurred to create such property. The Defendants' acts come in violation of the Antitrust laws at 15 U.S.C. § 17, wherein the United States Congress passed into law that "*the labor of a human being is not a commodity or article of commerce*. . ." in keeping with the *Just Compensation Clause* of the Fifth Amendment and the *Anti-Slavery Clause* of the Thirteenth Amendment.

66. Labor is the most sacred of all property Rights warranting protection and Congress includes statutory enactments that clearly restore back and compensate Plaintiff for the loss sustained, making the Plaintiff whole in the value of his Labor Property at multiple sections within Title 26 of the United States Code, including but not limited to: 26 U.S.C. §§ 83, 165, 212, 1001, 1012, *et al.*

67. The Defendants have attempted to subjugate and subject Plaintiff to a form of statutory slavery and have seized Plaintiff's personal property, therein seizing Plaintiff's Labor, making the *Marxist* claim that such property has no basis; and therefore, no tax basis – unwilling to define and openly recognize the fair market value thereof.

68. The Defendants caused an exaction on the Plaintiff's Labor Property in violation of the Fifth Amendment, denying Equal Protection of the law pursuant to the Fourteenth Amendment, and effectively ignoring 26 U.S.C. §§ 83, 165, 212, 1001, 1012, *et seq.* – refusing to make the Plaintiff whole and restore the fair market value of Plaintiff's Labor Property as if it has a Zero *basis* or value contrary to the Constitution, Supreme Court and Acts of Congress.

69. The Defendants, collectively and collusively attempted to usurp the Plaintiff's free exercise of his Rights to earn a living without government intrusion in direct violation of the

Common Law protections of the Constitution, and sought to deprive Plaintiff of his Labor Property, resulting in their unjust enrichment.

70. Plaintiff has never intentionally assigned his Labor Property to or for the benefit and use of another, nor contracted with the Defendants to waive his unalienable Rights that would result in the seizure and theft of such property or any property derived therefrom.

71. As a direct and proximate result of the Defendants' failure to restore and make whole the Fair Market Value of Plaintiff's Labor Property for the loss incurred, Defendants should be ordered to make Plaintiff whole and return to Plaintiff the monetary amount of personal property illegally seized, plus interest.

72. As a direct and proximate result of the Defendants' illegal conduct, in violation of Plaintiff's rights under the Administrative Procedures Act (APA), Article I, Section 9 Cl. 3 and Article I, Section 10 Clause 1, the Fourth, Fifth, and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiff whole and to pay the monetary amount of personal property illegally seized, plus interest.

## Conclusion And Demand For Remedy And Relief Sought

Plaintiff, having documented evidence of the unlawful acts of the Defendants, has suffered irreparable harm and damage to his reputation and livelihood, loss of Life, Liberty, property, emotional distress, extreme oppression, fear, anxiety, and a multitude of health and financially related deprivations giving rise to Plaintiff filing this verified complaint seeking damages as the only just and proper remedy. The acts, conduct and behavior of the Defendants, taken separately and as a whole, were performed knowingly, intentionally and maliciously for which Plaintiff is entitled to judgment.

**WHEREFORE**, the Plaintiff, Harry Pollinger, has been damaged by the actions and inactions of officers, employees and agents of the United States Defendants due to their individual and collective intentional, reckless, willful disregard for the internal revenue laws, by causing the procedurally invalid administrative Notices of Federal Tax Lien and Notices of Levy to be issued, and prays for and is entitled to relief as follows:

(i) An Order declaring that Plaintiff is entitled to the return of all personal property seized by the Defendants for calendar years 2000, 2001 and 2002 in the amount of money taken from Plaintiff;

(ii) An Order commanding the Defendants to release the procedurally invalid Notices of Federal Tax Lien and cause a Certificate of Release of Federal Tax Lien to issue on all real property belonging to Plaintiff;

(iii) An Order declaring that Plaintiff is entitled to be made whole under the *Just Compensation Clause* of the Fifth Amendment to the Constitution;

(iv) Order Defendants pay and return all personal property presently seized in an amount in excess of $16,097.91, and all future amounts that will be seized prior to instituting this action, plus interest *nunc pro tunc*, from the date of the filing this action, for damages to make Plaintiff whole;

(v) Order Defendants pay $28,872.63 plus interest for damages to make Plaintiff whole for the unauthorized seizure of personal property belonging to Plaintiff;

(vi) Order Defendants pay treble damages in the amount of $48,293.73 for the unauthorized seizure of personal property belonging to Plaintiff;

(vii) Order Defendant pay $2,000,000.00 in statutory damages for an intentional violation of the Administrative Procedures Act causing irreparable harm and injury to Plaintiff's personal and real property rights;

(viii) Award Plaintiff declaratory relief, as appropriate;

(ix) Award Plaintiff preliminary and permanent injunctive relief, as appropriate;

(x) Order Defendants to pay Plaintiff pre-judgment and post-judgment interest, respectively;

(xi) Award Plaintiff relief pursuant to the Equal Access to Justice Act, including but not limited to, an award of reasonable statutory attorneys fees and costs; and

(xii) Award Plaintiff such further relief as may just under the circumstances;

(xiii) Any other remedy at law and in equity this Court deems just and proper.

### JURY TRIAL DEMANDED

Respectfully Submitted.

### VERIFICATION

I, Harry Pollinger, declare under penalty of perjury that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

Dated this 8TH day of January 2007.

Signature: _Harry Pollinger_
Harry Pollinger, Plaintiff
c/o PO Box 6577
Destin, Florida [32550]