IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| HARRY POLLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:07-cv-13-RV-MD |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| OF OVERSIGHT BOARD, | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| UNITED STATES, a.k.a. UNITED | ) | |
| STATES OF AMERICA, a Federal | ) | |
| corporation; and GREGORY COLLIER, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS VERIFIED COMPLAINT

The United States of America, by undersigned counsel, respectfully moves the Court to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. The following memorandum is respectfully submitted in support of this motion.

### INTRODUCTION

Despite its length, Plaintiff's complaint essentially challenges the authority of the United States to collect income taxes through administrative liens and levies. In his

complaint, Plaintiff makes repetitive and frivolous arguments to support the relief sought. Specifically, Plaintiff requests the return of funds seized by the IRS pursuant to a valid levy, an injunction barring future collection of Plaintiff's taxes, a declaration that Plaintiff does not owe taxes, the removal of the United States' tax liens on his property, and damages.

Plaintiff bases his complaint on the erroneous premise that the United States is not entitled to collect income taxes on wages, and that the administrative procedures in the Internal Revenue Code to collect income taxes are invalid. As shown below, Plaintiff has not demonstrated that the United States has waived its sovereign immunity in this case. Furthermore, the alleged facts, even if true, fail to state a claim upon which relief can be granted.

## ARGUMENT

1. *Plaintiff's Complaint Improperly Names Gregory Collier, the Internal Revenue Service Oversight Board and the Department of Treasury as Defendants.*

To the extent that Plaintiff may have a viable claim, that claim can only be made against the United States, not individual employees of the Internal Revenue Service or against the Service itself or any executive department.

When a claim is made against individual defendants for actions performed in their official capacities as employees of the United States, the action is in reality against the

United States. *E.g.*, *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Louisiana v. McAdoo*, 234 U.S. 627, 632 (1914).  An action should be treated as one against the United States where "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration" or if the effect of the action is "to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947)).  "[O]fficial capacity" lawsuits are generally "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

An executive department of the United States can only be sued in its own name with the express authorization of Congress.  *Deleeuw v. IRS*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987). Congress has not consented to suit against the IRS or against the Department of Treasury.  *Castleberry v. ATF*, 530 F.2d 672, 673 n.3 (5th Cir. 1976) ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued eo nomine.").

Plaintiff requests various forms of relief with respect to his federal tax liabilities.  Therefore, this action should be treated as one against the United States.  *Dugan*, 372 U.S. at 620.  Gregory Collier, the Internal Revenue Service Oversight Board and the Department of Treasury should be dismissed as party defendants.

2.  *Plaintiff's Complaint is Barred by the Doctrine of Sovereign Immunity.*

It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued, *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and that Congress may define the terms and conditions upon which a litigant may proceed, *United States v. Testan,* 424 U.S. 392, 399 (1976).  Waivers of sovereign immunity are to be strictly construed and no exceptions implied.  *United States v. Nordic Village, Inc.*,503 U.S. 30, 34 (1992).  In the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States, and dismiss any such actions.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Plaintiff asserts no cause of action for which the United States has waived its sovereign immunity.  Although Plaintiff attempts to transform his frivolous complaint into an action which has been authorized by the United States, he has not – for the reasons described below – alleged any facts that demonstrate that sovereign immunity has been waived.

3.  *Plaintiff Is Not Entitled to Declaratory Relief Against the United States.*

The complaint requests various types of declaratory relief which, in sum, effectively requests the court to declare that Plaintiff is excused from paying taxes on his wages, and that any taxes collected on that basis should be refunded.  However, such relief is barred by 28 U.S.C. § 2201, which states as follows:

> (a) In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes...* any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. (emphasis added)

Clearly, § 2201(a) precludes declaratory relief in a case or controversy regarding federal taxes.  *Willis v. Alexander*, 575 F.2d 495, 496 (5th Cir. 1978).  Accordingly, to the extent the complaint seeks declaratory relief, Plaintiff has failed to state a claim upon which relief can be granted and his complaint should be dismissed.

4.  *Plaintiff's Complaint is Barred by the Anti-Injunction Act.*

The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . ." 26 U.S.C. § 7421(a).  It follows that Plaintiff is not entitled to an injunction requiring the release and cancellation of the United States' tax liens.

The manifest purpose of § 7421(a) is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal

- 5 -

right to the disputed sum be determined in a suit for refund." *Enochs v. Williams Packing Navigation Co.*, 370 U.S. 1, 7 (1962); *see also Intercontinental Jet, Inc. v. United States*, 690 F. Supp. 1012 (S.D. Fla. 1988) ("This Court is barred by the Anti-Injunction Act... from restraining the collection of any tax."). While there are statutory exceptions to the Act, none apply here.

The Supreme Court recognized a judicial exception to the Act in *Williams Packing*, but that exception is inapplicable in this case. As stated in *Williams Packing*, a court could properly issue an injunction only if (1) it is clear that under no circumstances could the United States prevail, this being determined on the basis of the information available to the government at the time of the suit, and (2) equity jurisdiction otherwise exists, that is, there must be no adequate remedy at law. 370 U.S. at 7. Plaintiff has failed to allege any circumstances to show that under no circumstances could the United States prevail. "[T]he question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of the suit. Only if it is then apparent that, under the *most liberal* view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." *Williams Packing*, 370 U.S. at 7 (emphasis added).

Plaintiff appears to assert that he is not required to pay taxes on his wages because his labor has a special quality such that he is merely exchanging property for

- 6 -

property of equal value when working and being paid wages.  Such arguments have been widely rejected.  *See, e.g., Maruska v. United States*, 77 F. Supp. 2d, 1035, 1036 (D. Minn 1999). Accordingly, Plaintiff cannot articulate any circumstances under which the United States will not prevail.  Even if he could, Plaintiff has an adequate remedy at law, namely a suit for refund of the taxes he claims were erroneously collected.  Of course, Plaintiff must first satisfy the jurisdictional requirements of § 7422, something he has failed to do.

Because the Anti-Injunction Act prohibits injunctions that restrain the collection of any tax and the statutory and judicial exceptions do not apply, Plaintiff's request for an order commanding release of the United States' tax liens is not a claim upon which relief can be granted.  As such, the complaint should be dismissed to the extent it seeks injunctive relief.

> 5. *The Administrative Procedures Act Does Not Authorize Injunctive or Declaratory Relief with Respect to Federal Taxes.*

Plaintiff appears to assert that 5 U.S.C. § 702 of the Administrative Procedure Act (hereinafter, the "APA") confers subject matter jurisdiction in this case and entitles him to declaratory or injunctive relief.  Section 702 provides a limited waiver of sovereign immunity, as follows:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority

> shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. *Nothing herein* (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) *confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought*.

5 U.S.C. § 702 (emphasis added). This limited waiver of sovereign immunity, however, does not provide an independent grant of jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 105-109 (1977). As highlighted above, the last clause of § 702 prescribes that the statute does not "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." Based upon this exclusion, several courts have held that the APA does not confer authority over claims seeking injunctive relief against the collection of federal taxes, because such claims are expressly forbidden by the Anti-Injunction Act. *See Hughes v. United States*, 953 F.2d 531, 537 (9th Cir. 1991); *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990); *Weinraub v. IRS*, 2005 WL 1155142 (S.D. Fla. 2005); *Wilkerson v. United States*, 839 F. Supp. 440, 445 (E.D. Tex. 1993). Because the APA does not provide an independent grant of jurisdiction where other statutes prohibit it, this Court is without subject matter jurisdiction to grant Plaintiff his requested relief under the APA.

6. *Plaintiff Fails to Allege that He Fulfilled the Jurisdictional Requirements to Bring a Refund Suit.*

Plaintiff's complaint effectively seeks tax refunds for the years 2000, 2001 and 2002. A refund suit can only be brought in accordance with the waiver of sovereign immunity contained in § 7422 of the Internal Revenue Code (26 U.S.C.). Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

A plaintiff bringing a refund suit must allege that he 1) paid all the taxes owed, 2) properly filed administrative claims for a refund and 3) that the refund claim has been denied. *Begner v. United States*, 2004 WL 1386333, 1 (N.D. Ga. 2004). Because Plaintiff has failed to allege that he paid all tax due or that he properly filed an administrative claim, this Court lacks jurisdiction over this action to the extent Plaintiff seeks a refund of taxes. *Flora v. United* States, 362 U.S. 145, 177 (1960); *see also King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986) ("the case law makes it clear that filing a claim for an administrative refund is a jurisdictional prerequisite to maintenance of a refund suit.").

> 7. *Plaintiff's Request for Damages is Barred Because He Did Not Exhaust His Administrative Remedies.*

The only waiver of sovereign immunity that possibly permits Plaintiff to maintain an action for damages against the United States under the circumstances set forth in the complaint is contained in 26 U.S.C. § 7433. Section 7433 allows taxpayers to bring suit in certain circumstances if an officer or employee of the IRS disregards any statute or regulation concerning the collection of tax. As with a refund suit, the United States' waiver of sovereign immunity under § 7433 requires a taxpayer to exhaust his administrative remedies before a judgment for damages can be awarded. Treasury regulations state that exhaustion of administrative remedies requires an administrative claim properly be filed by the taxpayer. Treas. Reg. § 301.7433-1(e). While Plaintiff makes the bald assertion that he exhausted his administrative remedies, he does not allege that he has taken the steps required by the treasury regulations. Specifically, it does not appear as if Plaintiff filed the requisite claim with the IRS before filing this suit. As a result, the United States has not waived its sovereign immunity with respect to Plaintiff's damages claim.[1]

---

[1] Section 7433 authorizes a suit for damages when the IRS violates the Internal Revenue Code, or its accompanying regulations, during the collection process. In this case, the Internal Revenue Code clearly authorizes levy on Plaintiff's wages. *See* I.R.C. § 6331. Thus, Plaintiff's complaint must fail, even if he had filed an administrative claim for damages.

Because Plaintiff did not properly file an administrative claim, Plaintiff's complaint alleging a right to refund of his taxes and a violation of § 7433 should be dismissed.

8. *Plaintiff Lacks Standing to Challenge a Levy on His Wages.*

Plaintiff's complaint appears to challenge a levy and seek to recover levied property pursuant to 26 U.S.C. § 7426. However, § 7426 clearly states that "any person (*other than the person against whom is assessed the tax out of which such levy arose*)... may bring a civil action against the United States." (emphasis added). A taxpayer is protected from wrongful levies by his right to a collection due process hearing. At the hearing, a taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses; challenges to the appropriateness of the collection actions; and offers of collection alternatives." 26 U.S.C. 6330(c)(2). Plaintiff chose not to avail himself of this process, and instead attempts to co-opt for his own use an action granted by statute to third parties. To the extent that Plaintiff's complaint seeks to challenge a levy or reclaim property on the basis of a wrongful levy, Plaintiff lacks standing to pursue that cause of action.

9. *Plaintiff Cannot Challenge His Tax Liability Under 28 U.S.C. § 2410.*

Last, Plaintiff purports to bring a quiet title action against the United States pursuant to 28 U.S.C. § 2410. Section 2410 authorizes quiet title actions naming the

- 11 -

United States as a defendant when it claims a lien on the subject property. This authorization does not operate as a waiver of sovereign immunity to challenge the underlying tax liability secured by the lien. While taxpayers can challenge the procedural validity of a federal tax lien under this section, *Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991), a taxpayer cannot challenge the merits of the underlying assessments under the guise of a § 2410 quiet title action. *MacElvain v. United States*, 867 F.Supp. 996, 1001-02 (M.D. Ala. 1994); *Lonsdale*, 919 F.2d 1440, 1442-43 (10th Cir. 1990). Here Plaintiff's nominal quiet title action is nothing more than an attempt to challenge the underlying assessments. Section 2410 does not operate to waive sovereign immunity under these circumstances. Therefore, Plaintiff's quiet title action should be dismissed.

CONCLUSION

Plaintiff's complaint raises only frivolous tax protester-styled arguments and does not state any claim for which the United States has waived sovereign immunity.  Nor does the complaint state a claim upon which relief can be granted.  For these reasons, Plaintiff's complaint should be dismissed.

                    GREGORY ROBERT MILLER
                    United States Attorney
                    Northern District of Florida

By:   /s/ Gregory L. Jones
        GREGORY L. JONES
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 305-3254
        Facsimile: (202) 514-9868
        Gregory.L.Jones@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing MOTION TO DISMISS VERIFIED COMPLAINT has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 19th day of March, 2007:

> Harry Pollinger
> P.O. Box 6577
> Destin, FL 32550
> *Pro se plaintiff*

      /s/ Gregory L. Jones
      GREGORY L. JONES
      Trial Attorney, Tax Division
      U.S. Department of Justice