## IN THE UNITED STATES DISTRICT COURT FOR THE
## THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

Harry Pollinger,                                    )
                                                    )
            Plaintiff,                              )
                                                    )
vs.                                                 )   No. 3:07-CV-00013-RV/MD
                                                    )
INTERNAL REVENUE SERVICE OVERSIGHT,                 )
Et Al.,                                             )
                                                    )
            Defendants.                             )
_____)

### RESPONSE MEMORANDUM TO DEFENDANT'S MOTION TO
### DISMISS PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW Harry Pollinger, Plaintiff, proceeding on his own behalf moving

this Court deny the Defendant's motion to dismiss Plaintiff's Complaint. Plaintiff

includes evidence sufficient to establish that due diligence has been exercised once the

Court takes into consideration the entire record. *"... the court must consider the entire*

*record in the action, not just those pieces of evidence that have been singled out for*

*attention by the parties."* See *Clinkscales v. Chevron USA, Inc.,* 831 F.2d 1565, 1570

(11th Cir. 1987).

The Defendant, the UNITED STATES OF AMERICA, is moving this Court

under Fed.R.Civ.P. 12(b)(1) – lack of subject-matter jurisdiction and Fed.R.Civ.P.

12(b)(6) – failure to state a claim upon which relief can be granted.

In Counsel's Introduction GREGORY L. JONES asserts: *"Plaintiff's complaint*

*essentially challenges the authority of the United States to collect income taxes through*

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2007 MAY 14  PM 1: 13

FILED

*administrative liens and levies ... bases his complaint on the erroneous premise that the United States is not entitled to collect income taxes on wages, and that the administrative procedures in the Internal Revenue Code to collect income taxes are invalid ... Plaintiff has not demonstrated that the United States has waived its sovereign immunity...*" – which only confirms Counsel did not read Plaintiff's complaint and is using some generic motion to get the complaint dismissed.

In the Complaint, on page 7, Section 7 it states: "*Plaintiff is <u>not</u> seeking to restrain the lawful assessment or collection of any internal revenue tax, but to dispute the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive Due Process and the documented reckless and willful disregard for the internal revenue laws.*"

Moreover, after thorough a nonbiased review of this case-in-chief, the Court will determine that, as a matter of fact and law, the Plaintiff has effectively established jurisdiction leaving the Defendants compelled to answer the Verified Complaint. In support of this response, Plaintiff refers the Court to the memorandum of points and authorities included herein.

## MEMORANDUM OF LAW AND AUTHORITIES

### I
### Plaintiffs Are Not Be Held To The Standards Of A Bar Attorney

1. Plaintiff Harry Pollinger is unschooled in law and; therefore, is waived from being held to the standards of a bar attorney as stated in *Haines*: "*however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it*

2

*appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle him to relief.*" *Haines v. Kerner*, 404 U.S. 519-521.

2. Plaintiff requests this Court to take judicial notice of *Haines*, as such doctrines are applicable in this instant case – as Plaintiff has made every good faith effort to comply with this Court's decorum and will continue to do so.

## II
## The United States Supreme Court Established The Doctrine Of Substance Over Form Regarding The Filing Of A Complaint

3. The Plaintiff, unable to afford an attorney, filed his Verified Complaint in pro se, and, as cited in *Haines* supra, should not to be held to the high standards of a bar attorney. The substance of the Plaintiff's Verified Complaint has effectively established the elements necessary to cede this Court's jurisdiction. The United States Supreme Court stated in *Frank Lyon Co. v. United States, 435 U.S. 561* (1978) *98 S.Ct. 129*: "In applying this doctrine of substance over form, the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed. *"The Court has never regarded 'the simple expedient of drawing up papers,'" Commissioner v. Tower*, 327 U.S. 280, 291 (1946), *"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding."* *Helvering v. Lazarus & Co.*, 308 U.S. at 255. See also *Commissioner v. P. G. Lake, Inc.*, 356 U.S. 260, 266-267 (1958); *Commissioner v. Court Holding Co.*, 324 U.S. 331, 334 (1945). *"Nor is the parties' desire to achieve a particular tax result necessarily relevant."* *Commissioner v. Duberstein*, 363 U.S. 278, 286 (1960).

3

4. The Plaintiff, prior to filing his complaint, went through painstaking research in a good-faith attempt to properly cite the causes of action and requisite jurisdictional grounds to foreclose on the type of aggrandizing the Defendants might employ in an attempt to get this case dismissed. Still, Plaintiff is challenged with reestablishing what is already well established on the Court's record.

## III
## Plaintiff Cites Jurisdiction On Multiple Grounds Based On Multiple Violations Committed By The Defendants

5. The Plaintiff filed the Verified Complaint on multiple jurisdictional grounds in a good faith attempt to raise all related substantive violations committed by the Defendants under one umbrella. *". . . if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims*." See *Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999). *". . . Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue . . .*" (*Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991).

6. Unlike the Defendants, the Plaintiff does not have unlimited time and resources in which to file countless actions in an attempt to remedy all wrongful and malicious acts committed against him by the Defendants and; therefore, he enjoined Defendants' acts under a single case. Furthermore, nowhere does the Federal Judicial Code or the Federal Rules of Civil Procedure prohibit Plaintiff from filing this action, properly citing multiple jurisdictional grounds wherein the nature of all claims are able to be heard in this Court; and Defendants cannot produce any evidence to the contrary.

7. In this instant case the Plaintiff proceeds under the jurisdictional provisions stemming from 26 U.S.C. § 7214, *et seq*., giving rise to an action cognizable under 26

4

U.S.C. §§ 7433, 7432, 7429, 2409, 2410 Title 28 U.S.C. § 1331 – Federal Question; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; Title 5 U.S.C. § 702; All Writs Act at 28 U.S.C. §§ 1651 and 1658; Federal Rules of Civil Procedure §§ 57 and 65; and the broad equitable powers of this Court.

## IV
## Substitute The United States As The Proper Party Defendant

8. In Defendant's Motion on page 2 under the heading "ARGUMENT," Item 1 on, Defendant's Counsel asserts: *"Plaintiff's Complaint Improperly Names Gregory Collier, the Internal Revenue Service Oversight Board and the Department of the Treasury as Defendants."* Then Counsel admits that the UNITED STATES OF AMERICA is the proper Defendant when he states on page 2, in the last paragraph: "When a claim is made against individual Defendants for actions performed in their official capacities as employees of the United States, the action is in reality against the United States."

9. Plaintiff included Defendants GREGORY COLLIER and the INTERNAL REVENUE SERVICE OVERSIGHT BOARD, which is a division or bureau within the DEPARTMENT OF THE TREASURY, as Defendants in this suit because of their intentional, willful violations of the Internal Revenue Code, Regulations under the IRC, and the Constitution for the United States of America, under color of law; and as an employee of the DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, GREGORY COLLIER should be held liable for his actions and disciplined accordingly.

10. Even if the Court substitutes the United States for the individually-named Defendant, this case should not be dismissed because Counsel for the United States has admitted the UNITED STATES OF AMERICA is the proper party; therefore, Defendant's motion to dismiss must be denied.

**V**

## This Court Has Subject Matter Jurisdiction Because
## Plaintiff Has Exhausted His Administrative Remedies

11. In Item 2 on page 4, line 1 of motion to dismiss titled "Plaintiff's Complaint is Barred by the Doctrine of Sovereign Immunity." Defendants' Counsel states: "*It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued ... Plaintiff asserts no cause of action for which the United State has waived its sovereign immunity...*"

12. However, as the Court knows, 26 U.S.C. § 7433 states:

"(a) In general.
If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

13. Plaintiff reiterates that the complaint does not seek to restrain the *lawful* assessment or collection of any internal revenue tax, but is disputing the *unlawful seizure* of personal property by the Internal Revenue Service's employee GREGORY COLLIER, which resulted from COLLIER's *reckless, intentional disregard* for the Internal Revenue Code. The particular internal-revenue law violations are outlined in Plaintiff's complaint.

6

14. The United States did in fact consent to be sued when its employee intentionally disregarded the Internal Revenue Code, and the only exception required under Section 7433 to be awarded damages is 26 U.S.C. § 7433(d)(1) which states:

> *"judgment for damages shall not be awarded under [section 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."*

15. Contrary to Counsel's assertion that the United States has not waived its sovereign immunity, the Plaintiff has satisfied every element of Section 7433. Even if the Plaintiff had failed to exhaust his administrative remedy, the courts have excused exhaustion when such a requirement "would be futile because of the certainty of an adverse decision." 3 K. Davis, *Administrative Law Treatise* 20.07 (1958). Since that is not the case here, the Court need only review the evidence of exhaustion as submitted herein:

16. In the exhaustion of his administrative remedies, on or about September 28, 2005 or soon thereafter, Plaintiff served Defendants GREGORY COLLIER, as well as, C. SHERWOOD and numerous other pertinent departments of the Internal Revenue Service, plus Senators BILL NELSON and MEL MARTINEZ a recorded "Notice and Demand to Issue Certificate of Release for Notice of Federal Tax Lien" demanding the release of the Notices of Federal Tax Liens filed for tax years 2000 and 2001, with an affidavit and exhibits attached, and including Form 12661 – Disputed Issue Verification, Form 843 – Claim for Abatement of Penalties, Form 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien and a Form 9423 – Collection Appeals Request, which resulted in no response from the Area Director at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 (Certified Mail No. 7004 2890 0001 9662 3759)

and seven (7) other IRS officials/offices petitioned for such release, with the exception of GREGORY COLLIER and DENNIS L. PARIZEK (see **Exhibit "A"**).

17. On or about October 3, 2005 or soon thereafter, Plaintiff served THOMAS M. OWENS, Appeals Settlement Officer a recorded "Notice and Affidavit of Facts and Correspondence to Collection Due Process" stating Plaintiff's legal position pursuant to Federal statutes, case law, and the Internal Revenue Code.

18. On or about October 21, 2005 or soon thereafter, Plaintiff served Defendant a "Notice and Demand for Abatement of Alleged Federal Income Tax Liability" responding to the Defendant's Notice CP 504, which included a "Form 843 – Claim for Abatement of Penalties" and "Form 12661 – Disputed Issue Verification" that was mailed to the Area Director at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 (Certified Mail No. 7004 1350 0003 5907 8990) and three (3) other IRS officials/offices (see **Exhibit "B"**).

19. Plaintiff even petitioned the United States Congress for assistance and received responses from **U.S. Senators MEL MARTINEZ and BILL NELSON** dated October 18, 2005 and November 10, 2005, which resulted in a response from the Taxpayer Advocate Nadya Farah (signing for Belinda A. Revel-Addis), resulting in no resolution of the issues and concerns raised by Plaintiff (see **Exhibit "C"**).

20. 26 U.S.C. § 7433(d)(1) states: ***"judgment for damages shall not be awarded under [section 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."***

8

21. *Several courts have "interpreted the exhaustion requirement as jurisdictional"*
*in nature.* *Bennett v. United States*, 361 F. Supp.2d 510, 514 (W.D. Va. 2005); see, e.g.,
*Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *Info. Res., Inc. v. United*
*States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Simmons v. United States*, 875 F. Supp.
318, 319 (W.D. N.C. 1994); *Music Deli & Groceries, Inc. v. I.R.S.*, 781 F. Supp. 992,
997 (S.D. N.Y. 1991).

22. In the Defendants' knee jerk response, which came as no surprise, Plaintiff
received a Notice of Determination and Decision Letter of Appeals Manager EDD
EASTERLING; dated October 18, 2005, making the biased and prejudicial
determination that the action of the Defendants regarding the seizure would be sustained
– and did not rebut any of the violations committed by the Defendants under the internal
revenue laws.

23. The Plaintiff's attempt to resolve this matter has been absolutely futile. "*The*
*administrative remedy is inadequate where the agency has expressed a willingness to*
*act, but the relief it will provide through its action will not be sufficient to right the*
*wrong.*" *Randolph-Sheppard*, 795 F.2d at 107 (original emphasis omitted). The term
"exhaustion" applies to "two distinct legal concepts." *Avocados Plus Inc. v. Veneman*,
370 F.3d 1243, 1247 (D.C. Cir. 2004). The first, known as "non-jurisdictional
exhaustion," is a "judicially created doctrine" that the court may, under certain
circumstances and "in its discretion, excuse." Id. The second, called "jurisdictional
exhaustion," is a statutory "predicate to judicial review . . . rooted, not in prudential
principles, but in Congress' power to control the jurisdiction of the federal courts." Id.
(citing *E.E.O.C. v. Lutheran Soc. Servs.*, 186 F.3d 959, 963-64 (D.C. Cir.1999).

9

Because courts "presume exhaustion is non-jurisdictional," id. at 1248, there must be "[s]weeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

24. During the entire administrative process the Defendants have made their hard-line position clear that they are not obliged to follow any internal revenue laws or collection–procedure requirements – committing only to the seizure and taking of Plaintiff's personal property to which they believe they have a superior claim. There is no question that the Defendants have articulated a clear position against the Plaintiff. *"An adverse decision can also be certain if an agency has articulated a clear position on the issue which it has demonstrated it would be unwilling to reconsider."* Id. (citing *Etelson v. Office of Pers. Mgmt.*, 684 F.2d 918, 925 (D.C. Cir. 1982).

25. There can be no question that Plaintiff has exhausted his administrative remedies in this instant case, and the United States Defendant has waived sovereign immunity. This Court has subject matter jurisdiction over this action; therefore, Defendant's motion to dismiss must be denied.

26. On page 5, Defendant's Counsel asserts in paragraph 1: *"The complaint requests ... the court to declare that Plaintiff is excused from paying taxes on his wages, and that any taxes collected on that basis should be refunded."*

27. Plaintiff's complaint does not seek to restrain the *lawful* assessment or collection of any internal revenue tax or request the court declare that Plaintiff is excused from paying taxes on his wages, but is disputing the *unlawful seizure* of personal property by the Internal Revenue Service's employee GREGORY COLLIER.

10

28. Plaintiff's rights have already been declared under the Internal Revenue Code and the Constitution of the United States of America, whereby employees of Defendant the UNITED STATES OF AMERICA must adhere to certain procedures for the *lawful* collection of taxes and these procedures have been circumvented by GREGORY COLLIER in this instant case. Plaintiff is not requesting a declaratory judgment from the Court regarding these rights that have been violated, but a determination and acknowledgment of these violations enumerated in the complaint. Perhaps a better term would have been to use the word "determination" instead of using the term "declaratory relief." Plaintiff's complaint must not be dismissed based on the use of one term in preference of another. Plaintiff has effectively stated a claim upon which relief can be granted; therefore, Defendant's motion to dismiss must be denied.

## VI
## The Anti-Injunction Act Does Not Bar The Plaintiff's Action

29. In an attempt to mislead the Court, Counsel for the Defendants erroneously asserts on page 5, Item 4: *"Plaintiff's Complaint is Barred by the Anti-Injunction Act."* The UNITED STATES Defendant has have further waived immunity under the Anti-Injunction Act codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the *lawful* assessment and collection of federal income taxes, which is not the intent or subject matter of this suit. According to *Hoillingshead v. United States*, 85-2 USTC 9772 (5th Cir 1985), 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful Levy. *"The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process."*

11

30. Section 7421(a) of the Internal Revenue Code provides in relevant part as follows:

"(a)Tax. Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person*, whether or not such person is the person against whom such tax was assessed."

31. The language of this statute states in pertinent part that, " . . . *no suit restraining the assessment or collection of any tax . . .*" in its present statutory construction *implies* that a procedurally valid, statutory assessment had been made for the purpose of collection; and neither Counsel nor the United States Defendant has produced any evidence that procedure was followed when the alleged assessments were made in this instant case.

32. Furthermore, the Plaintiff enjoys the "exception" clauses of Sections 6212(a) and (c) and 6213(a), as the Defendants have not presented any evidence that Plaintiff was issued a Notice of Deficiency prior to assessment – which is a Congressional mandate. The Courts have ruled: *"A Notice of Deficiency must be mailed before an assessment and/or any subsequent levy or lien on property may be made."* 26 U.S.C. § 6213(a). Simply put, the Notice serves as a prerequisite to a valid assessment by the IRS. *Robinson v.United States*, 920 F.2d 1157, 1158 (3d Cir. 1990). *"An assessment is illegal and void if no required (valid) deficiency notice is sent to the taxpayer."* See *United States v. Williams*, (1958 DC NY) 161 F. Supp 158. 58-1 USTC 9213. (20 Fed Proc., L Ed 48:440).

33. Plaintiff is not seeking to restrain the LAWFUL ASSESSMENT or COLLECTION of any internal revenue tax, but is disputing the unlawful seizure of

12

personal property as a result of the intentional violations of procedural and substantive due process and documented reckless and willful disregard for the internal revenue laws – all while presumably acting on behalf of the UNITED STATES Defendant.

34. Verified evidence of this Court's record proves that employees of Defendant the UNITED STATES have failed to comply with the administrative prerequisites that would grant relief under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists when employees of the UNITED STATES Defendant are in *compliance* with the statutes as set forth by Congress and applicable Treasury Regulations; however, that is not the case here.

35. Evidence provides that employees of the UNITED STATES Defendant have *illegally* seized Plaintiff's personal property without establishing a liability, without imposing a tax, without a determination, without a deficiency, without an assessment, and without a warrant, in violation of multiple provisions of the Federal Constitutional and substantive due process.

36. Further, the UNITED STATES Defendant consents to being sued when any one of its officials, officers, agents or employees proceed in violation of congressionally-mandated, statutory procedures during an administrative, civil or criminal judicial proceeding as in this case.

37. Plaintiff has exhausted his administrative remedies listed herein above, this Court has jurisdiction over Plaintiff's request for injunctive relief requested in the Complaint; therefore, the motion to dismiss the complaint must be denied.

13

## VII
## The APA Does Not Bar Injunctive Relief With Respect To Federal Taxes

38. In Item 5 on page 7 titled: "The Administrative *procedures Act Does Not Authorize Injunctive or Declaratory Relief with Respect to Federal Taxes*", Counsel for Defendants asserts: "*Based upon this exclusion, several courts have held that the APA does not confer authority over claims seeking injunctive relief against the collection of federal taxes, because such claims are expressly forbidden by the Anti-Injunction Act*"

39. As stated above, the Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the <u>lawful</u> assessment and collection of federal income taxes, which is <u>not</u> the intent or subject matter of this suit. According to *Hoillingshead v. United States*, 85-2 USTC 9772 (5th Cir 1985), 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful Levy. "*The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process.*"

Section 7421(a) of the Internal Revenue Code provides, in relevant part:

"Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person*, whether or not such person is the person against whom such tax was assessed."

40. The language of this statute provides in pertinent part that " . . . *no suit restraining the assessment or collection of any tax* . . ." in its present statutory construction *implies* that a procedurally valid, statutory assessment had been made for the purpose of collection; and neither Counsel nor the United States Defendant have

14

produced any evidence that procedure was followed when the alleged assessments were made in this instant case. The relief requested in Plaintiff's complaint is <u>not</u> forbidden by the Anti-Injunction Act; therefore, Defendant's motion to dismiss must be denied.

## VIII
## This Court Has Subject-Matter Jurisdiction Of Plaintiff's

41. Defendants' Counsel on page 9, under subheading number 6 titled: *"Plaintiff Fails to Allege that He Fulfilled the Jurisdictional Requirements to Bring a Refund Suit."* asserts: *"Plaintiff's complaint effectively seeks tax refunds for the years 2000, 2001 and 2002. A refund suit can only be brought in accordance with the waiver of sovereign immunity contained in § 7422 of the Internal Revenue Code..."*

42. Section 7422(a) Provides:

> **"(a) No suit prior to filing claim for refund**
> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, **until a claim for refund or credit has been duly filed with the Secretary,** according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

43. Plaintiff's complaint on pages 8 and 9 under subheading "Facts And Summary of Events states in pertinent part: " … a "Notice of Federal Tax Lien" was issued in the amount of $14,125.65 for tax years 2000 and 2001 … FAIRFIELD RESORTS, INC. was served a third-party Notice of Levy on Wages, Salary, and other Income … in the amount of $15,787.94 … Plaintiff's Compensation for Labor Property was seized via the alleged "Notice of Levy on Wages, Salary and Other Income," by CENDANT PAYROLL DEPARTMENT n/k/a WYNDHAM VACATION OWNERSHIP, c/o FAIRFIELD RESORTS INC, seizing $5,578.69. The year-to-date amount seized is $16,097.91…"

15

To summarize, the Notice of Federal Tax Lien for 2000 and 2001 was for $15,787.94 and the total amount seized prior to filing this suit was $16,097.91. Plaintiff not only paid his alleged taxes, he over paid by $1,662.29.

44. Moreover, on or about September 28, 2005, Plaintiff filed a request for the release of the Notice of Federal Tax Lien (stated in the complaint on page 9, Section 14) and with it he filed two Forms 483 – Claim for Refund or Abatement with the Area Director, Chief of Special Procedures at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324, Certified Mail No. 7004 2890 0001 9662 3759 and again on October 21, 2005, Certified Mail No. 7004 1350 0003 5907 9010, which were denied (see **Exhibit "A"**).

45. Plaintiff has met the requirements of 26 U.S.C. § 7422(a), thereby ceding this Court's jurisdiction over this suit. Defendant's motion to dismiss the complaint must be denied.

## IX
### Plaintiff's Request for Damages Is Not Barred Because Plaintiff Foreclosed On The Exhaustion Of His Administrative Remedies

46. Now Defendants' Counsel erroneously asserts on page 10 paragraph 1, starting on line 9 through 12 in pertinent part: *"Treasury regulations state that exhaustion of administrative remedies requires an administrative claim be properly be filed by the taxpayer. Treas. Reg. 301.733-1(e) ... Specifically, it does not appear as if Plaintiff filed the requisite claim with the IRS before filing this suit. As a result, the United States has not waived its sovereign immunity with respect to Plaintiff's damages claim."*

47. Plaintiff exhausted his administrative remedies when on or about September 28, 2005, Plaintiff served Defendants GREGORY COLLIER, C. SHERWOOD and numerous pertinent departments of the Internal Revenue Service, including the **Area**

**Director,** Chief of Special Procedures (at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 – Certified Mail No. 7004 2890 0001 9662 3759), a recorded "Notice and Demand to Issue Certificate of Release for Notice of Federal Tax Lien" with an affidavit and exhibits attached demanding the release of the Notices of Federal Tax Liens filed for tax years 2000 and 2001; including a "Form 12661 – Disputed Issue Verification," a "Form 843 – Claim for Abatement of Penalties," a "Form 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien," and a **"Form 9423 – Collection Appeals Request,"** which resulted in no response from the **Area Director** and seven (7) other IRS officials/offices petitioned for such release, with the exception of GREGORY COLLIER and DENNIS L. PARIZEK (see **Exhibit "A"**), and Senators BILL NELSON and MEL MARTINEZ (see **Exhibit "C"**).

48. On or about October 21, 2005, Plaintiff served Defendants a "Notice and Demand for Abatement of Alleged Federal Income Tax Liability" responding to Defendants' Notice CP 504, which included a "Form 843 – Claim for Abatement of Penalties" and a "Form 12661 – Disputed Issue Verification" that were mailed to the Area Director, Chief of Special Procedures, (at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 – Certified Mail No. 7004 1350 0003 5907 9010) and three (3) other IRS officials/offices (see **Exhibit "B"**).

49. To address Defendants' Counsel's statement in the footnote on page 10, which presumptively asserts: "*Section 7433 authorizes a suit for damages when the IRS violates the Internal Revenue Code, or its accompanying regulations, during the collection process. In this case, the Internal Revenue Code clearly authorizes levy on*

17

*Plaintiff's wages. See I.R.C. § 661. Thus, Plaintiff's complaint must fail, even if he had*

*filed an administrative claim for damages.*"

50. I.R.C. Sec. 6331. Levy and distraint, which states in pertinent part:

> *"(a) Authority of Secretary.*
> *If any person liable to pay any tax neglects or refuses to pay*
> *the same within 10 days after notice and demand, it shall be lawful*
> *for the Secretary to collect such tax (and such further sum as*
> *shall be sufficient to cover the expenses of the levy) by levy upon*
> *all property and rights to property ..."*

51. This is one of the main problems— that neither the Secretary, nor any other

Department of the Treasury or Internal Revenue Service employee, including

GREGORY COLLIER, ever issued Plaintiff a notice and demand.   They have

disregarded the Internal Revenue Code in this and other instances, and issued a levy

against Plaintiff's property without following either the Code or its own regulations.

52. Plaintiff has exhausted his administrative remedies, complied with Treasury

Regulation § 301.7433(e)-1, and ceded this Court's jurisdiction to award damages under

26 U.S.C. § 7433; therefore, Defendant's motion to dismiss must be denied.

## X.
## Plaintiff Has Standing To Challenge The Levy On His Wages

53. On page 11, in paragraph 2, Defendants' Counsel confidently asserts that

"*Plaintiff complaint appears to challenge a levy and seek to recover levied property*

*pursuant to 26 U.S.C. § 7426 ... A taxpayer is protected from wrongful levies by his*

*right to a collection due process hearing ... Plaintiff chose not to avail himself of this*

*process ...*"

18

54. Section 7426(a)(1) **Actions permitted.**

> "(1) **Wrongful levy.**
> *If a levy has been made on property or property has been sold pursuant to a levy, and any person (other than the person against whom is* **_assessed the tax_** *out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.*"

55. The important term in this section is "assessed the tax." Plaintiff has never been assessed a tax, as Defendants opted not to follow procedure and issue a notice of deficiency pursuant to 26 U.S.C. § 6212(a). **Notice of Deficiency**, which states:

> "(a) **In general.** *If the Secretary determines that there is a deficiency in respect of any tax imposed* by subtitles A or B or chapter 41, 42, 43, or 44 *he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.* Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

56. Accordingly, the elements of a substantive due process command: (1) the Secretary determines there is a deficiency, (2) authorizes the notice be sent to the taxpayer, and (3) the notice must be sent certified or registered mail to prove service and receipt. Upon review of the records, no evidence exists that any of these Congressionally-mandated administrative procedures were followed. Plaintiff is not a person who was "assessed the tax" referenced in 26 U.S.C. §7426(a).

57. As stated on page 12 paragraph number 35 in the Complaint: "On or about September 11, 2006, Plaintiff served Defendants a "Notice and Demand to Release or Withdraw Notice of Federal Tax Lien, including two (2) Forms 12661 – Disputed Issue Verification, a Form 12277 – Application for Withdrawal of Filed From 668(Y), Notice of Federal Tax Lien and a **Form 12153 [Request for a Collection Due Process**

**Hearing]** in response to Revenue Officer GREGORY COLLIER's Letter 3172. Plaintiff has requested a collection due process hearing (see **Exhibit "D"**).

58. If Defendants' Counsel would have read the complaint, he would realize that Plaintiff has never been assessed a tax and realize that Defendants have <u>not</u> followed the law and procedural due process in their collection activities. Plaintiff has standing to bring this action under 26 U.S.C. § 7429; therefore, Defendant's motion to dismiss must be denied.

**XI**
**Plaintiff Has Stated A Quiet Title Claim Under 28 U.S.C. § 2410**

59. Defendant admits that 28 U.S.C. § 2410 creates federal district jurisdiction over suits to quiet title to real or personal property on which the United States has or claims a lien." The Counsel asserts on page 12, line 2 that:   "***This authorization does not operate as a waiver of sovereign immunity to challenge the underlying tax liability secured by the lien … Here Plaintiff's nominal quiet title action is nothing more than an attempt to challenge the underlying assessments.  Section 2410 does not operate to waive sovereign immunity under these circumstances.***"

60. The quiet title act waives the federal government's sovereign immunity with respect to suits to determine title to real or personal property on which the United States has or claims a lien." 28 U.S.C. § 2410(a), see *Harrell v. United States,* 13 F.3d 233, 234 (7th Cir. 1993). "*A federal suit to clear a federal tax lien is governed by federal law – federal common law if the applicable statutes have gaps.*" *United States v. Brosnan,* 363 U.S. at 240-42, 80 S.Ct. at 1111-12; *Dupnik v. United States,* 848 F.2d at 1484; *McEndree v. Wilson,* 774 F. Supp. At 1295-96. As the court stated: "All the quiet-title act does is waive sovereign immunity."

20

61. Then cited is *Robinson v. United States*, 920 F.2d 1157, 1161 (3rd Cir. 1990), permitting procedural challenges of assessment; and *Aqua Bar & Lounge, Inc. v. U.S. Dept. of Treasury*, 539 F.2d 935, 938-39 (3rd Cir. 1976), permitting procedural challenges of the liens.

62. A thorough read of *Aqua Bar* is favorable to the Plaintiff's filing of his Verified Complaint. In *Aqua Bar* the court stated at 937, 939 and 940, "We turn first to the question of whether, based on the allegations contained in the complaint, this suit may be treated as an action to quiet title to property on which the United States has a lien. We think that this question must be answered in the affirmative . . . Not only are we unpersuaded by the government's arguments for prohibiting a taxpayer from bringing a properly limited suit against the United States under § 2410, we also find strong policy reasons for permitting such an action. The inviolability of private ownership has long been a fundamental principle of our nation's jurisprudence. See *Thatcher v. Powell*, 6 Wheat. 119, 125, 5 L.Ed. 221 (1821). In recognition of this principle, Congress has imposed precise strictures on the seizure and sale of an individual's property by the IRS to satisfy legitimate tax deficiencies. These provisions, which the plaintiff contends were not complied with in the instant case, are for the obvious protection of the taxpayer faced with the loss of his property. *Reece v. Scoggins*, 506 F.2d 967, 971 (5th Cir. 1975). Yet, if § 2410 is construed to lift the barrier of sovereign immunity only to actions brought by parties other than the taxpayer whose property is at stake, the taxpayer would have no available means of enforcing compliance with the procedures enacted for his benefit. In the absence of a Congressional directive to the contrary, we refuse to place such a narrowing construction on § 2410 and thus deprive a taxpayer of any remedy

21

against arbitrary administrative action. We therefore hold that § 2410 constitutes a waiver of sovereign immunity to a suit brought by a taxpayer against the United States which challenges the validity of a federal tax lien and sale so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself. The district court thus had jurisdiction to hear this action under that provision in combination with 28 U.S.C. § 1340."

63. Further: "It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit. *Harrell* has no problem, however, finding a basis for federal jurisdiction for their quiet-title suit; it is 28 U.S.C. § 1340, which bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws. See *Harrell v. United States*, 13 F.3d 232 (7th Cir. 1993)." As cited in the Plaintiff's Complaint at page 2, paragraph 2, the jurisdictional requisites are complete, as in this instant case the United States is the proper party, and the authority to file the quiet title action has been established under the internal revenue laws, *Id.*

64. Finally the court concluded in *Aqua Bar supra*: "Consequently, I would hold that the elaborate and detailed seizure and sale provisions of the Internal Revenue Code, 26 U.S.C. §§ 6331, 6335, of necessity provide an implied waiver of immunity where it is alleged that the Internal Revenue Service (IRS) has failed to comply with these Congressional mandated directives. See *Aqua Bar & Lounge, Inc* at 940. *Id.*

65. Plaintiff has successfully stated a quiet-title claim under 28 U.S.C. § 2410; therefore, Defendant's motion to dismiss the quiet title action must be denied.

22

## CONCLUSION

The record reflects that Plaintiff has demonstrated he filed a proper administrative claim for damages with the Internal Revenue Service Area Director in Florida, proving that Plaintiff exhausted his administrated remedies, the United States effectively waved its sovereign immunity and the Court's subject matter jurisdiction is ceded over the United States Defendant, if not all other officers therein named. Further, Plaintiff has successfully stated a "Quiet Title Claim under 28 U.S.C. § 2410 and ceded this Court's jurisdiction over injunctive and declaratory relief pursuant 26 U.S.C. § 7421(a); therefore, Defendant's motion to dismiss the complaint must be denied.

**WHEREFORE;** In the interest of justice and considering the entire record, Plaintiff moves this Honorable Court to deny the Defendant's motion to dismiss the verified complaint on the grounds stated herein above as the only just and proper remedy.

Respectfully submitted.

## VERIFICATION

I, Harry Pollinger, declare under penalty of perjury under the laws of the United States of America (North) that the foregoing is true and correct. All rights retained without recourse.

On this __11__ day of May 2007

/s/ _Harry Pollinger_
Harry Pollinger, Plaintiff
c/o PO Box 6577
Destin, Florida [32550]

ATTACHMENTS

**Exhibit A:** Notice and Demand to Issue Certificate of Release of Notice of Federal Tax Lien, Form 12661 – Disputed Issue Verification, Form 843 – Claim for Refund and Abatement of Penalties, Form 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien, and Form 9423 – Collection Appeals Request (7 pages)

23

**Exhibit B**: Notice and Demand for Abatement of Alleged Federal Income Tax Liability with Form 843 – Claim for Abatement and Form 12261 – Disputed Issue Verification (6 pages)

**Exhibit C**: Response letter from Senators Bill Nelson and Mel Martinez (2 pages)

**Exhibit D**: Verified Notice and Demand to Release or Withdraw Notice of Federal Tax Lien, Form 12261 Disputed Issue Verification, Form 12277 Application of Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien, and From 12153 Request for CDP Hearing (7 pages)

24

## CERTIFICATE OF SERVICE

I, Harry Pollinger, certify that on May _11_, 2007, I served a copy of the above

response to Defendant's motion to dismiss with memorandum or law and authorities,

with Exhibits, and proposed Order on the following parties:

Gregory L. Jones, Trial Attorney
U.S. DOJ, Tax Division
PO Box 14198
Ben Franklin Station
Washington, DC 20044
Certified Mail No. _7006 2760 0001 4761 7842_

/s/ _Harry Pollinger_
Harry Pollinger

25