IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HARRY POLLINGER,
        Plaintiff,

vs.                                                                  3:07CV13/RV/MD

INTERNAL REVENUE SERVICE
OF OVERSIGHT BOARD,
DEPARTMENT OF THE TREASURY,
UNITED STATES, A.K.A. UNITED
STATES OF AMERICA, a Federal
Corporation; and GREGORY COLLIER,
in his official capacity,

        Defendants.

## REPORT AND RECOMMENDATION

This matter is before the court upon the Motion to Dismiss Verified Complaint filed by the United States of America (doc. 10) and plaintiff's response thereto. (Doc. 20). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

Plaintiff characterizes his complaint as an action seeking the return of personal property unlawfully seized and taken by the Defendants and an action seeking declaratory and injunctive relief pursuant to the Administrative Procedures Act and the U.S. Constitution due to violations of plaintiff's Fourth, Fifth, Fourteenth, and Sixteenth Amendment rights. He seeks compensatory damages for the loss incurred and the financial hardship and injuries caused by defendants for their allegedly intentional, reckless and willful acts.

Plaintiff claims that the United States has waived it sovereign immunity in title 26 U.S.C. 7421, titled Prohibition of suits to restrain assessment or collection.  Section 7421(a) provides:

> Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Plaintiff then goes on to say that he is not seeking to restrain the lawful assessment or collection of any internal revenue tax, but to dispute the unlawful seizure of personal property as a result of alleged violations of procedural and substantive due process. (Doc. 1 at 7).  Thus, section 7421 is facially inapplicable to plaintiff's claim.

Plaintiff contends that employees of the United State have "illegally seized plaintiff's personal property without establishing liability, without imposing a tax, without a determination, without a notice of deficiency, without an assessment and without a warrant." (Doc. 1 at 8).  He maintains that the United States consents to be sued when any of its officials officers, agents or employees proceed in violation of Congressionally mandated, statutory procedures during an administrative, civil or criminal judicial proceeding.

Plaintiff asserts that a Notice of Federal Tax Lien was issued on or about February 28, 2005 in the amount of $14,125.65 for tax years 2000 and 2001. (Doc. 1 at ¶ 12).  On May 11, 2005, Fairfield Resorts, presumably plaintiff's employer, was served a third party Notice of Levy on Wages, Salary and other Income in the amount of $15,787.94.  (Doc. 1 at ¶ 13).  Plaintiff states that he "sent a request for the release of the Notice of Federal Tax Lien" on September 28, 20005, which was denied.  (Doc. 1 at ¶ 14).

Other notices of levy were served, and in 2006, $13,738.82 was seized from the IRS levy and $2,359.00 was seized for federal income taxes. (Doc. 1 at ¶¶15-17).  Plaintiff states that this caused "economic hardship and devastation" to his ability to provide for his family. (Doc. 1 at ¶ 17, 21).  Another Notice of Federal Tax Lien was issued on August 3, 2006 against plaintiff in the amount of $35,857.07 for 2000, 2001, and 2002.  (Doc. 1, ¶

19). Plaintiff served defendant a "Notice and Demand to Release or Withdraw Notice of Federal Lien" and other documents in September of 2006. (Doc. 1, ¶¶ 19-20).

Plaintiff brings Count One of his complaint to Quiet Title pursuant to 28 U.S.C. § 2410. He maintains that the Notice of Federal Tax Lien issued against him was procedurally invalid because the defendants failed to comply with the procedural requirements of 26 U.S.C. §§ 6212 and 6213 in that they never caused a Notice of Deficiency to issue for tax years 2000, 2001 and 2002. (Doc. 1 at ¶ 30). He also contends that they failed to comply with the procedural requirements of 26 U.S.C. § 6203 and never made an assessment for the same years. (Doc. 1 at ¶ 31).

In Count Two plaintiff contends that defendants failed to comply with 26 U.S.C. § 6212(a). He maintains that they conspired to deprive plaintiff of his constitutionally protected rights in bad faith and under color of law by intentionally and recklessly causing the two allegedly procedurally invalid "Notices of Federal Tax Lien" to issue and by causing $16,142.46 to be seized without having a Notice of Deficiency letter issued. (Doc. 1 at ¶¶ 37, 38 & 39).

In Count Three, plaintiff contends that his rights have been violated under the APA and the Just Compensation clause of the Fifth Amendment. He asserts that the compensation paid to him in calendar years 2000 through 2002 was "to make him whole as a result of the loss of Life and Liberty incurred for the production of property, as no excess over the Fair Market Value of the amount paid was realized as gross income." (Doc. 1, ¶ 43). He then maintains that defendants' unlawful seizure of plaintiff's compensation based on their "non-application and refusal (without authority) to allow plaintiff access to the applications of 26 U.S.C. §§ 83(a)(1) and (2), 165 (a)(b) and (c)(1), 212, and 1001."[1] (Doc. 1, ¶ 44). He also claims that this seizure was unlawful under the Takings Clause of the Fifth Amendment because his property was taken for public use

---

[1] Title 26 U.S.C. § 83 governs the calculation of the value of property transferred in connection with performance of services for income tax purposes. Title 26 U.S.C. § 165 governs calculation of loss. Title 26 U.S.C. § 212 details which expenses for production of income are allowed as a deduction. Title 26 U.S.C. § 1001 governs determination of amount of and recognition of gain or loss.

*Case No: 3:07cv13/RV/MD*

without making him whole, although he had exerted both mental and physical labor for the production of said property.  (Doc. 1 at ¶¶ 45-47).

Count Four alleges that defendant's employee failed to comply with 26 U.S.C. § 7432.  This section provides a cause of action if any officer or employee of the IRS knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer.  Section 6325, in turn, provides that a lien must be released if the Secretary finds that the lien has been fully satisfied or has become legally unenforceable.  Plaintiff contends that he sent notice to the defendants disputing the lien on September 28, 2005, January 10, 2006 and September 11, 2006, but no action was taken by defendants.  (Doc. 1, ¶ 51).

Count Five alleges that defendants issued a bill of attainder in violation of the constitution.  Specifically, he asserts that defendant's employee Gregory Collier knowingly caused a Bill of Attainder to issue, labeling plaintiff as an "illegal tax protestor" and punishing him by taking his property without a judicial trial due to plaintiff's petitions to the Defendant regarding income tax laws as relevant to his presumed liability. (Doc. 1, ¶¶ 56, 57).

Count Six alleges that defendants have caused to be illegally seized plaintiff's labor property in violation of the just compensation clause of the Fifth Amendment.  Plaintiff essentially contends that he was deprived of his life (aging, and wear and tear on his body) and liberty (having to be in a certain place at a certain time) for the production of property (wages), and that the defendants violated the Takings Clause and "have attempted to subjugate he subject plaintiff to a form of statutory slavery."  (Doc. 1, ¶¶61-69).

With respect to counts two through six, plaintiff seeks declaratory and injunctive relief, and return of his property plus interest.  He also seeks additional monetary and statutory damages.  (Doc. 1 at 22-23).  The government has filed a motion to dismiss the complaint that is addressed to general principles raised in plaintiff's complaint and not to the individual claims.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and

exhibits attached thereto.' " *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (citation omitted); see also *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997) (plaintiff's allegations are construed in light most favorable to him). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974, 2007 WL 1461066, at *14, *10–*11 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

In its motion to dismiss, the government characterizes plaintiff's complaint as "essentially a challenge to the United States' authority to collect income taxes through administrative liens and levies," stating that plaintiff claims that the United States is not entitled to collect income taxes on wages, and that the administrative procedures in the Internal Revenue Code to collect income taxes are invalid. Although plaintiff has separated his complaint into six count for relief, the United States maintains generally that it has not waived its sovereign immunity in this case, and that the alleged facts, even if true, fail to state a claim upon which relief can be granted.

The United States first contends that plaintiff has improperly named Gregory Collier, the Internal Revenue Service Oversight Board and the Department of Treasury as defendants when only the United States is a proper defendant in this action. Plaintiff appears to concede that the United States is the only proper defendant in this action since defendant Collier was sued in his official capacity only. Henceforth the court will refer only to "defendant" in the singular.

Defendant next contends that plaintiff's complaint is barred by the doctrine of sovereign immunity because he has not shown that the United States has consented to be sued.

Title 28 U.S.C. § 2201 precludes declaratory relief in actions brought with respect to federal taxes. Section 2201(a) provides:

> (a) In a case of actual controversy within its jurisdiction, except with respect to federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).[2] Therefore, to the extent he has attempted to do so, plaintiff can not state a claim for declaratory relief.

The United States also contends that plaintiff's complaint is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), Prohibition of suits to restrain assessment or collection. Section 7421(a) provides:

> Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Thus, the Anti-Injunction Act "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes," *Id*. at 6, unless a litigant

---

[2] Section 7428 of the Internal Revenue Code governs declaratory judgments relating to status and classification of organizations under section 501(c)(3) etc. and has no bearing to this case.

*Case No: 3:07cv13/RV/MD*

demonstrates one of several statutory exceptions to the Anti-Injunction Act[3] or the requisites of the judicially-created exception set forth in *Enochs*. Thus, an injunction can issue only if (1) it is clear that under no circumstances could the United States prevail, as determined on the basis of the information available at the time of suit, and (2) that equity jurisdiction otherwise exists, that is, there is no adequate remedy under law and irreparable injury could result. *Id.* at 7; *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). "[T]he general rule is that, except in very rare and compelling circumstances, federal courts will not entertain actions to enjoin the collection of taxes." *Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir. 1990). The government contends that none of the statutory exceptions to the act apply to plaintiff's case. Plaintiff states, on the other hand, that he relies on section 6212(a)[4] and 6213(a)[5] as the defendant

---

[3] These exceptions pertain to: (1) a petition for review by the Tax Court for relief from joint and several liability on joint returns [26 U.S.C. § 6015(e) ]; (2) the assessment and collection of deficiencies prior to the issuance of a notice of deficiency [§§ 6212(a) and (c) and 6213]; (3) a premature action for assessing a deficiency attributed to a partnership [§§ 6225(b), 6246(b) ]; (4) suspension of a levy action if a hearing is requested under Section 6330(a)(3)(B) [§ 6330(e)(1) ]; (5) suspension of a levy action during the pendency of proceedings for a refund of divisible tax [§ 6331(i) ]; (6) the collection of "responsible person" penalties where a bond has been filed [§ 6672(c) ]; (7) the collection of a tax return preparer penalty [§ 6694(c) ]; (8) the enforcement of a levy on property where such enforcement would injure the interest of a lienholder other than the person against whom the tax has been assessed [§§ 7426(a) and (b)(1) ]; (9) the review of the reasonableness of a jeopardy assessment [§ 7429(b) ]; and (10) proceedings for determination of employment status [§ 7436].

[4] This section provides:
In general.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

[5] This section provides:
Time for filing petition and restriction on assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such

has not presented any evidence that he was issued a Notice of Deficiency prior to assessment. (Doc. 20 at 12). Defendant has not addressed the applicability of these statutes to plaintiff's complaint. However, the procedural posture of plaintiff's case is that the taxes have been assessed and collected via the levies described above. Therefore, at this point, an injunction would serve no purpose. Additionally, plaintiff has an adequate remedy at law in that he may file a civil action for a refund pursuant to 28 U.S.C. § 7422 after complying with the prerequisites of that statute[6] as discussed further below.

The government also asserts that plaintiff is mistaken to the extent he contends that injunctive or declaratory relief with respect to federal taxes is authorized under the Administrative Procedures Act. 5 U.S.C. § 702. This section provides a limited waiver of sovereign immunity as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate

---

proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

[6]Furthermore, under 26 U.S.C. § 6213 a taxpayer can petition the Tax Court for a redetermination of the deficiency. See *Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir. 1990).

> legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C. § 702. This limited waiver of sovereign immunity is not tantamount to an independent basis for jurisdiction in this case. See *Califano v. Sanders*, 430 U.S. 99. 105-106, 97 S.Ct. 980, 984-985, 51 L.Ed.2d 192 (1977). This is because the relief sought falls within the second exclusion to the limited waiver of sovereign immunity. In particular, section 702 of the APA does not grant jurisdiction over claims seeking injunctive relief against the collection of federal taxes, in light of the fact that such claims are expressly forbidden by the Anti-Injunction Act. See *Hughes v. United States,* 953 F.2d 531, 537 (9th Cir. 1991); *Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir. 1990); *Weinraub v. IRS*, 2005 WL 1155142 (S.D. Fla. 2005); *Wilkerson v. United States*, 839 F.Supp. 440, 445 (E.D.Tex. 1993).

The government also maintains that plaintiff's case should be dismissed because he has failed to allege that he fulfilled the jurisdictional requirements to bring a refund suit pursuant to 26 U.S.C. § 7422(a), which provides:

> No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C.A. § 7422(a). The government maintains that plaintiff has failed to allege that he 1) paid all the taxes owed, 2) properly filed administrative claims for a refund and 3) that the refund claim has been denied. See *Begner v. United States,* 2004 WL 1386333 (N.D. Ga. 2004); *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960) (full payment of an assessment is required before an income tax refund suit can be maintained in district court); *King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986) l"the case law makes it clear that filing a claim for an administrative refund is a jurisdictional

prerequisite to maintenance of a refund suit.") In his reply, the plaintiff points to pages 8 and 9 of his complaint in which he states that taxes were assessed, a tax lien was entered and in excess of that amount was seized. Therefore, plaintiff concludes he not only paid his "alleged taxes," but he overpaid. (Doc. 20 at 16). Plaintiff also notes that he filed a request for release of the Notice of Federal Tax Lien (doc. 1, ¶ 14) along with a Claim for Refund or Abatement (doc. 20, exh. A), and that these items were denied. The defendant's contention that plaintiff has failed to meet the jurisdictional prerequisites of 26 U.S.C. § 7422(a) appears to be incorrect and the motion to dismiss on this ground should be denied, as plaintiff alleges adequate jurisdictional prerequisites for maintaining a refund suit.

The government next argues that the plaintiff's request for damages is barred because he did not exhaust his administrative remedies as required by 26 U.S.C. § 7433. This section allows taxpayers to bring civil suits for damages under certain circumstances if an officer or employee of the IRS disregards any statute or regulations concerning the collection of tax. 26 U.S.C. § 7433(a). However, a judgment for damages cannot be awarded unless the plaintiff has exhausted all the administrative remedies available to him. 26 U.S.C. § 7433(d)(1). The government appears to contend that plaintiff's "bald assertion" that he exhausted his administrative remedies is insufficient to show that he has taken all of the steps required by the treasury regulations, specifically that he filed a claim with the IRS before filing this case. However, plaintiff's specific assertions on page six of his complaint that he complied with the steps required by 26 C.F.R. § 301.7433-1(e)(1) and also that he exhausted his administrative remedies as required by 26 U.S.C. § 7433 are sufficient to survive a motion to dismiss where the defendant states only that it does not appear that he has filed the requisite administrative claims with the IRS before filing this case. Defendant suggests in a footnote that even if plaintiff has filed an administrative claim, his complaint must fail because § 7433 authorizes a suit for damages when the IRS violates the Internal Revenue Code or its accompanying regulations during the collection process, and the IRS is statutorily authorized to levy on plaintiff's wages. 26 U.S.C. § 6331. Plaintiff actually contends that agents of the IRS intentionally and recklessly

disregarded provisions of the IRS code with respect to procedural prerequisites to the issuance of tax liens and thus caused a procedurally invalid lien to be issued and subsequently executed against him.

Defendant contends that plaintiff lacks standing to challenge the levy to his wages under 26 U.S.C. § 7426. To the extent plaintiff might have relied on this section, defendant is correct in that this section governs civil actions for wrongful levy by persons "other than the person against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7426(a)(1). However, as there does not appear to be an independent citation to this provision anywhere in plaintiff's complaint,[7] defendant's argument is misguided.

Finally, defendant contends that plaintiff cannot challenge his tax liability under 28 U.S.C. § 2410, which authorizes quiet title actions naming the United States as a defendant when it claims a lien on property. The government concedes that taxpayers can challenge the procedural validity of a federal tax lien under this section, citing *Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991). The plaintiff in *Stoecklin* contended that the liens the government placed on his property were invalid because the government had not formally assessed the taxes due, because it had not issued a notice of assessment and demand for payment, and because it had not issued a final notice and demand (notice of intention to levy). The United States filed a motion to dismiss for lack of subject matter jurisdiction, which was granted. On appeal, the Eleventh Circuit remanded, holding that § 2410 permits taxpayers to challenge the procedural validity of a tax lien, which is precisely what the plaintiff states that he is attempting to do in count one of his complaint in this case.

As noted above, the government's motion to dismiss addresses general principles with respect to tax litigation that are not necessarily directed at the issues raised in plaintiff's complaint. The court concurs that some of the plaintiff's arguments may ultimately be determined to be "frivolous tax protester styled arguments" but notes that the government has failed to meet its burden with respect to each of the counts raised in

---

[7] Section 7426 is cited within plaintiff's verbatim citation to section 7421(a). (Doc. 1 at 7)

plaintiff's complaint, either through a failure to address the plaintiff's claims[8] or because at least one of the counts of plaintiff's complaint is adequately well-pleaded to survive the motion to dismiss.

Based on the foregoing, it is respectfully RECOMMENDED:

The Motion to Dismiss Verified Complaint (doc. 10) be DENIED, except that:

1.  The United States should remain as the only party defendant in this action and all other defendants should be dismissed;

2.  Plaintiff's claim for declaratory relief should be dismissed; and

3.  Plaintiff's claim for injunctive relief should be denied as moot.

The defendant United States should be directed to file a response to the complaint within twenty days from the date of an order adopting this recommendation.

At Pensacola, Florida, this 17th day of August, 2007.

/s/ Miles Davis
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[8]For instance, the government has not addressed the Takings Clause argument raised in two counts of plaintiff's complaint, his entitlement to a bill of attainder, or the alleged failure to comply with 26 U.S.C. § 7432.